**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DANNY ESCOBAR ORTEGA
c/o 519 H Street NW
Washington, DC 20001

       Plaintiff,

v.

SUNFLOWER, INC.
d/b/a FLAVORS OF INDIA/MARSHALL'S BAR
2524 L Street NW
Washington, DC 20037

HANNAN BHUIYAN
a/k/a ABDUL BHUIYAN
1920 Columbia Pike, Apt. 10
Arlington, VA 22204

       Defendants.

Civil Action No. _____

## **COMPLAINT**

1.     Plaintiff worked at Defendants' D.C. restaurant and bar: "Flavors of India" and "Marshall's Bar." Defendants paid Plaintiff a flat, semimonthly salary that denied him minimum and overtime wages.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Danny Escobar Ortega is an adult resident of the District of Columbia.

6.      Defendant Sunflower, Inc. is a District of Columbia corporate entity. It does business as Flavors of India/Marshall's Bar ("Flavors of India"). Its principal place of business is located at 2524 L Street NW, Washington, DC 20037. Its registered agent for service of process is Salim Amhed Khan, 2831 28th Street NW, Washington, DC 20008.

7.      Defendant Hannan Bhuiyan is an adult resident of Virginia. He is also known as Abdul Bhuiyan. He resides at: 1920 Columbia Pike, Apt. 10, Arlington, VA 22204. He is an owner and officer of Defendant Sunflower, Inc. He exercises operational authority over Defendant Sunflower, Inc. — including its pay practices.

**Factual Allegations**

8.      Defendants own and operate the restaurant Flavors of India, located at 2524 L Street NW, Washington, DC 20037.

9.      Plaintiff worked at Flavors of India from approximately September 2, 2014 through approximately September 21, 2017.

10.     Plaintiff worked at Flavors of India as a kitchen hand.

11.     Plaintiff's job duties at Flavors of India primarily consisted of cutting vegetables,

cooking dishes, and cleaning the kitchen.

12.     Prior to approximately January 1, 2017, Plaintiff typically and customarily worked 6 days

per week.

13.     Prior to approximately January 1, 2017, Plaintiff typically and customarily worked 64

hours per week.

14.     Prior to approximately January 1, 2017, Plaintiff typically and customarily worked the

following schedule:

|  | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Sunday | Off | | | |
| Monday | 11:00 AM | 10:30 PM | 1.0 | 10.5 |
| Tuesday | 11:00 AM | 10:30 PM | 1.0 | 10.5 |
| Wednesday | 11:00 AM | 10:30 PM | 1.0 | 10.5 |
| Thursday | 11:00 AM | 10:30 PM | 1.0 | 10.5 |
| Friday | 11:00 AM | 11:00 PM | 1.0 | 11.0 |
| Saturday | 11:00 AM | 11:00 PM | 1.0 | 11.0 |
|  |  |  |  | Total: 64.0 hours |

15.     From approximately January 1, 2017 through approximately September 21, 2017,

Plaintiff typically and customarily worked 5 days per week.

16.     From approximately January 1, 2017 through approximately September 21, 2017,

Plaintiff typically and customarily worked an average of 53.5 hours per week.

17.     From approximately January 1, 2017 through approximately September 21, 2017,

Plaintiff typically and customarily worked the following schedule:

|  | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Sunday | Off | | | |
| Monday | Off | | | |
| Tuesday | 11:00 AM | 10:30 PM | 1.0 | 10.5 |
| Wednesday | 11:00 AM | 10:30 PM | 1.0 | 10.5 |
| Thursday | 11:00 AM | 10:30 PM | 1.0 | 10.5 |
| Friday | 11:00 AM | 11:00 PM | 1.0 | 11.0 |

| Saturday | 11:00 AM | 11:00 PM | 1.0 | 11.0 |
|---|---|---|---|---|
| | | | | **Total: 53.5 hours** |

18.     At all relevant times, Defendants paid Plaintiff a semimonthly salary.

19.     Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salaries | Effective Hourly Rates |
|---|---|---|
| Oct. 20, 2014 – Apr 30, 2015 | $660.00 | $4.76 |
| May 01, 2015 – Dec. 31, 2015 | $760.00 | $5.48 |
| Jan. 01, 2016 – Sept. 30, 2016 | $850.00 | $6.13 |
| Oct. 01, 2016 – Dec. 31, 2016 | $950.00 | $6.85 |
| Jan. 01, 2017 – Apr. 30, 2017 | $950.00 | $8.19 |
| May 01, 2017 – Aug. 31, 2017 | $1,000.00 | $8.63 |
| Sept. 01, 2017 – Sep. 21, 2017 | $1,100.00 | $9.49 |

20.     From approximately September 2, 2014 through approximately December 31, 2015, Defendants paid Plaintiff in cash.

21.     From approximately January 1, 2016 through approximately September 21, 2017, Defendants paid Plaintiff by check.

22.     Plaintiff worked more than 40 hours per workweek for Defendants.

23.     Defendants paid Plaintiff the same effective hourly rate across all hours worked.

24.     Defendants did not pay Plaintiff overtime wages — or one and one-half times Plaintiff's regular rate for hours worked in excess of 40 in a workweek.

25.     In addition to not paying overtime wages, Defendants did not pay Plaintiff the federal and D.C. minimum wages.

26.     For Plaintiff's work in the three years prior to the filing of this complaint, Defendants owe Plaintiff approximately $59,024.97 in minimum and overtime wages (excluding liquidated damages).

27.     At all relevant times, Defendant Bhuiyan supervised Plaintiff.

28.     At all relevant times, Defendant Bhuiyan set Plaintiff's work schedule.

29.    At all relevant times, Defendant Bhuiyan typically tendered Plaintiff his pay.

30.    At all relevant times, Defendants had the power to hire and fire Plaintiff.

31.    At all relevant times, Defendants had the power to control Plaintiff's work schedule.

32.    At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

33.    At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

34.    At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

35.    At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the federal and D.C. minimum wages.

36.    At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

37.    At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

38.    At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

39.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

40.    Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

41.    The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

42.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

43.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

44.     Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

45.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

46.     Defendants' violations of the FLSA were willful.

47.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

50.     The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

51.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

52.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

53.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

54.     Defendants' violations of the DCMWA were willful.

55.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$241,198.08**, and grant the following relief:

a.      Award Plaintiff $236,099.88, consisting of the following overlapping elements:

   i.       unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.      unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,019.20);

    d.      Award Plaintiff court costs (currently, $0.00); and

    e.      Award any additional relief the Court deems just.

Date: November 7, 2017          Respectfully submitted,

                        /s/ Justin Zelikovitz, Esq.
                        Justin Zelikovitz, #986001
                        DCWAGELAW
                        519 H Street NW
                        Washington, DC 20001
                        Phone: (202) 803-6083
                        Fax: (202) 683-6102
                        justin@dcwagelaw.com

                        *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

                        /s/ Justin Zelikovitz, Esq.